STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED
April 5, 2023

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **M.Y. and C.M.**

**No. 22-0493** (Barbour County 16-JA-53 and 16-JA-57)

**MEMORANDUM DECISION**

Petitioner Parents J.R. and A.R.[1] appeal the Circuit Court of Barbour County's June 24, 2022, order denying their motion to dismiss and vacate a prior protective order.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioners, now the adoptive parents of the children, are also the children's maternal grandparents. After the children's biological parents' parental rights were terminated pursuant to an abuse and neglect proceeding, petitioners adopted the children in October of 2018 in a separate legal proceeding. During the course of the abuse and neglect proceeding giving rise to this appeal, and prior to petitioners' adoption of the children, the circuit court entered a protective order upon allegations from the DHHR that the children's biological parents—including petitioners' adult daughter[3]—threatened to remove the children from petitioners' care by force and had enlisted the aid of others in helping them remove the children illegally. As a result, the court placed restrictions upon the biological parents to ensure the children's safety, including barring contact between the children and their biological mother.

---

[1]Petitioners appeared by counsel Gregory H. Schillace, who filed their brief on August 24, 2022. Gregory H. Schillace was suspended from the practice of law on February 17, 2023. Substitute counsel has not entered an appearance. Therefore, petitioners are self-represented and this memorandum decision is being sent to them. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Mary S. Nelson appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]In pleadings filed in the circuit court, petitioners stated that petitioner J.R. is the biological father of the children's biological mother. Before this Court, petitioners state that petitioner J.R. is the stepfather of the children's biological mother.

1

In 2019, subsequent to their adoption of the children, petitioners filed a motion in the underlying abuse and neglect proceeding seeking to modify the no-contact order regarding the biological mother and the children. Specifically, petitioners sought permission to supervise visits between the biological mother and the children, instead of having visits supervised by an outside agency as previously ordered. Petitioners claimed that the requirement that an outside agency supervise visits made it "difficult to attend extended family events." Petitioners also asserted that the biological mother "made significant changes in her life." In June of 2020, the circuit court held a hearing, after which it entered an order on October 19, 2020, denying the motion, restoring the case to the active docket, and reappointing a guardian ad litem for the children. Specifically, the court ordered that "there be no visitation now with the [i]nfants and the terminated [r]espondent [m]other, no contact by the infants direct or indirect with the terminated [r]espondent [m]other, and further no telephone contact by the infants with the terminated [r]espondent [m]other." The court ordered the multidisciplinary team to meet to discuss these matters. The court also ordered the production of certain of the children's medical records.

In October of 2021, petitioners filed a motion to dismiss all further proceedings and to vacate the October 19, 2020, order. The motion relied, primarily, on this Court's recent opinion in *In re Adoption of J.S.*, 245 W. Va. 164, 858 S.E.2d 214 (2021). Petitioners argued that *J.S.* deprived the circuit court of jurisdiction to impose limitations on their rights as parents to the children. The matter came on for a hearing in March of 2022, after which the court denied petitioners' motion. Specifically, the court concluded that petitioners' argument that *J.S.* "establish[ed] a voiding and termination of all previous [o]rders of the [c]ourt in an abuse and neglect case once an adoption has occurred rendering even protective orders and restraining orders defunct and feckless" was "a dangerous and risk-filled proposition." Further, the court correctly pointed out that *J.S.* concerned a court *in an adoption proceeding* imposing restrictions on the adoptive parent's ability to decide with whom the children could interact, as opposed to the current matter which concerned restrictions on the biological parents' contact with the children that were imposed *in an abuse and neglect proceeding*. As such, the court rejected petitioners' position and highlighted the ongoing threat that the children's biological mother presented, concluding that there was no showing that the biological mother is appropriate or had addressed the issues of abuse and neglect that resulted in the termination of her parental rights to the children. Critically, the court concluded that contact between the children and the biological mother was not in the children's best interests. Accordingly, the court reiterated its total ban on the biological mother's contact with the children. It is from this order that petitioners appeal.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioners argue that upon the entry of the final adoption orders the circuit court presiding over the abuse and neglect proceeding was without jurisdiction to impose restrictions on their rights as adoptive parents to make decisions involving the relationships of the children with other individuals. However, petitioners' argument on appeal is easily disposed of, given that they rely almost entirely on our holding in *J.S.* and ignore critical aspects of that opinion.

---

[4]The permanency plan for the children is to remain in petitioners' custody.

2

It is true that we held as follows in *J.S.*:

> Unless otherwise permitted by law, where a circuit court grants a petition for adoption of a child pursuant to the procedures set forth in West Virginia Code §§ 48-22-701 to -704 (2015), the court may not include any provision in the final order of adoption that would limit, restrict, or otherwise interfere with the adoptive parent's right to make decisions concerning the care, custody, and control of the child.

245 W. Va. at 165, 858 S.E.2d at 216, Syl. Pt. 5. What petitioners fail to recognize, however, is that this holding applies to the circuit court presiding over the *adoption* proceeding, while petitioners in this matter sought relief in the related *abuse and neglect* proceeding. Further, petitioners ignore the fact that we explicitly limited this holding as follows: "Our holding today does not affect a circuit court's right to enjoin any parent whose rights have been terminated from contacting the child." *Id.* at 171 n.15, 858 S.E.2d at 221 n.15. Although petitioners cite to other authorities, their argument on appeal turns on their erroneous interpretation of *J.S.*, as they explicitly assert that "[t]he refusal of the circuit court to recognize the binding precedent of the decision of this Court in [*J.S.*] . . . mandates" reversal. This is simply not the case. Petitioners' reliance on *J.S.* is misguided in the face of clear language excluding its applicability to courts prohibiting contact between children and parents' whose rights have been terminated.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 24, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 5, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice John A. Hutchison

Hutchison, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.